26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Latreal Hamilton MINNIS, Defendant-Appellant.
 No. 93-50330.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 14, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON Circuit Judges.
 MEMORANDUM**
 Latreal Hamilton Minnis appeals his convictions and sentence imposed following a jury trial for conspiracy to distribute cocaine base, aiding and abetting the distribution of cocaine base, and aiding and abetting the use and carrying of a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. Secs. 2, 924(c)(1), 21 U.S.C. Secs. 841(a)(1), 846. Minnis contends the district court erred by (1) excluding expert testimony regarding the reliability of eyewitness identification testimony and (2) denying his motion to dismiss the indictment because U.S.S.G. Sec. 2D1.1 and 21 U.S.C. Sec. 841(b) are unconstitutional. We have jurisdiction under 28 U.S.C. Sec. 1291. We remand to the district court for the limited purpose of reexamining the admissibility of the expert testimony offered by the defendant in light of United States v. Amador-Galvan, 9 F.3d 1414, 1418 (9th Cir.1993). We affirm the district court's order denying Minnis' motion to dismiss the indictment.
 * Expert Testimony
 Minnis contends the district court erred by excluding his proffered expert testimony regarding eyewitness identification on the basis of the Frye test, Frye v. United States, 493 F. 1013, 1014 (D.C.Cir.1923), which the Supreme Court overruled in Daubert v. Merrell Dow Pharmaceuticals, Inc., 113 S.Ct. 2786, 2794-95 (1993). We agree.
 We review for abuse of discretion the district court's denial of a motion to permit expert testimony regarding the reliability of eyewitness testimony. United States v. Amador-Galvan, 9 F.3d 1414, 1417 (9th Cir.1993).
 Expert testimony is admissible "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. Under the Supreme Court's decision in Daubert, the district court must determine whether the proffered testimony is relevant, and if so, the theory's scientific validity and trustworthiness. See Daubert, 113 S.Ct. at 2794-95 (rejecting the more onerous Frye test which excluded expert testimony unless the expert's theory had "general acceptance" in the scientific community); see also Amador-Galvan, 9 F.3d at 1418. To assess the validity of a scientific theory, the district court should consider many factors including: whether the theory can be or has been tested; whether the theory has been subjected to peer review and publication; the theory's known or potential rate of error; the standard controlling the theory's operation; and whether the theory has gained general acceptance in the scientific community. See Daubert, 113 S.Ct. at 2796-97; United States v. Jones, No. 93-30167, slip op. 5523, 5528-29 (9th Cir. May 27, 1994) (per curiam).
 Here, Minnis' primary defense concerned attacking a police officer's eyewitness testimony. Thus, the reliability of eyewitness testimony clearly was relevant to the instant case. See Amador-Galvan, 9 F.3d at 1418.
 The district court, however, excluded the expert testimony on the reliability of eyewitness identification because it was a "relatively new area" and "might be confusing to the jury." Examination of the record indicates that the district court failed to consider the Daubert factors in assessing the validity of the eyewitness identification theory but, instead, based its decision upon the overruled Frye test. See Daubert, 113 S.Ct. at 2794-95; see also Amador-Galvan, 9 F.3d at 1418. Moreover, the district court apparently relied upon past decisions from this court concerning eyewitness identification to determine whether the theory had gained general acceptance rather than make its own independent assessment as required.
 Because the district court did not consider the scientific validity and trustworthiness of the reliability of eyewitness testimony, we remand to the district court for it to consider whether, under Daubert, the testimony should have been admitted. See Amador-Galvan, 9 F.3d at 1418; see also United States v. Rincon, 11 F.3d 922, 923 (9th Cir.1993).[1]
 II
 Constitutional Challenge
 Minnis contends that U.S.S.G. Sec. 2D1.1 and 21 U.S.C. Sec. 841(b), which provide for higher sentences for defendant convicted of offenses involving cocaine base (crack) than for defendants convicted of crimes involving cocaine hydrochloride (cocaine powder), are unconstitutional. Because Minnis lacks standing, we decline to address his constitutional challenge.
 A defendant may challenge the constitutionality of a statute only as it applies to himself. See United States v. Malone, 886 F.2d 1162, 1166 (9th Cir.1989). Because Congress has determined that possession of a substance containing cocaine base is as serious as possessing 100 times as much cocaine in any other form, it established mandatory minimum penalties punishing persons convicted of distributing cocaine hydrochloride and cocaine base at a 100-to-1 ratio. See 21 U.S.C. Secs. 841(b)(1)(A), (B). Persons convicted of distributing less than 5 grams of cocaine base are subject only to the 20-year statutory maximum penalty. See 21 U.S.C. Sec. 841(b)(1)(C). The lowest base offense level for persons convicted of distributing cocaine hydrochloride or cocaine base is 12. See U.S.S.G. Sec. 2D1.1.
 Here, Minnis was convicted and sentenced for distribution of .24 grams of cocaine base. Because Minnis was convicted of distributing less than 5 grams of cocaine base, the distinction between cocaine hydrochloride and cocaine base for the mandatory minimum penalties set forth in 21 U.S.C. Secs. 841(b)(1)(A), 841(b)(1)(B), does not apply to him. Moreover, Minnis received a base offense level of 12, the lowest possible offense level for the distribution of cocaine hydrochloride or cocaine base. See U.S.S.G. Sec. 2D1.1. Accordingly, because Minnis is not a member of the class allegedly disfavored by the statute or the Guidelines, we do not address his claims that 21 U.S.C. Sec. 841(b) or U.S.S.G. Sec. 2D1.1 violate due process or equal protection. See Malone, 886 F.2d at 1166.
 REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In complying with this mandate, the district court may hold such hearings as it deems appropriate, and shall enter an appropriate order, either affirming its previous rejection of the expert testimony or taking such further action as its decision on that subject indicates. See Rincon, 11 F.3d at 922-23